IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATALIA M. QUEVEDO,

       Plaintiff,

v.                                                                                                 CIV 16-0850 JCH/KBM

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social
Security Administration,

       Defendant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand or Reverse Administrative Agency Decision, filed August 11, 2017. *Doc. 21.* Pursuant to 28 U.S.C. § 636(b), this matter has been referred to me for a recommended disposition. *Doc. 23.* Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, the Court recommends that Plaintiff's Motion be denied.

**I.**     **Procedural History**

Ms. Natalia Quevedo ("Plaintiff") filed applications under Title XVI of the Social Security Act for supplemental security income ("SSI") and under Title II for disability insurance benefits ("DIB"), both on October 21, 2010. Administrative Record[2] ("AR") at

---

[1] Effective January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.
[2] Document 15-1 contains the sealed Administrative Record. *See Doc. 15-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

1

83, 69; *see also* AR at 166-71, 172-75. In both applications Plaintiff alleged a disability onset date of January 1, 2007. AR at 166, 172. The Social Security Administration ("SSA") addressed the applications separately.

### A. Supplemental Security Income ("SSI")

SSA denied Plaintiff's application for SSI on November 22, 2010, citing spousal income as the reason for denial. AR at 83-90. While Plaintiff adamantly denies that she is married (*see Doc. 22* at 9-12), her application states, "I live with Francis Fabian Romero. We present ourselves to others as husband and wife." AR at 166. Her application also lists Mr. Romero's income as $3,000 monthly (AR at 168), which SSA used to determine that Plaintiff's income exceeds eligibility limits for SSI. AR at 83. The notice of denial informed Plaintiff of her right to appeal, and the 60-day time limit for an appeal. AR at 84-85; *see also* 20 C.F.R § 416.1409. Plaintiff never appealed this initial determination.

### B. Disability Insurance Benefits ("DIB")

In addition to her SSI application, Plaintiff had earlier filed an application for DIB on October 21, 2010 (AR at 69), with an alleged onset date of January 1, 2007 (AR at 172) and a date last insured of December 31, 2011. AR at 79. On July 20, 2011, SSA initially denied Plaintiff's application because her "condition is not severe enough to keep [her] from working." AR at 91; *see also* AR at 69-70. The notice of initial determination informed Plaintiff of her right to appeal and of the 60-day time limit to appeal. AR at 91-92; *see also* 20 C.F.R. § 404.909(a). On June 13, 2012, well outside the 60-day time limit, Plaintiff filed a request for reconsideration (AR at 95-96, 123) with a statement alleging good cause for her untimely appeal. AR at 98-100. On August 13,

2012, SSA granted the request (AR at 212), but upon reconsideration affirmed the initial denial of DIB benefits. AR at 71-82, 101-03.

On November 14, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR at 108-09. ALJ Frederick Upshall held a hearing on March 31, 2014 (AR at 33), and on August 12, 2014, he issued an unfavorable decision. AR at 12. Using the five-step sequential evaluation process (*see* 20 C.F.R. § 404.1520(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009)), the ALJ determined that, "through the date last insured, considering the [Plaintiff's] age, education, work experience, and residual functional capacity, the [Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." AR at 26. Plaintiff requested review by the Appeals Council on October 4, 2014. AR at 11. The Appeals Council denied the request for review on August 27, 2015 (AR at 4), making the ALJ's decision the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Plaintiff filed the instant Complaint on July 25, 2016. *Doc. 1*.

**II.     Discussion**

In her Motion to Remand, Plaintiff does not make any arguments challenging the Commissioner's denial of her DIB claim.[3] *See generally Doc. 22*. Instead, Plaintiff's

---

[3] Plaintiff does state in her Memorandum Brief in Support of the Motion to Remand that

> [t]he ALJ refused to consider any evidence for his RFC evaluation from medical records dated after the date last insured on the Title II Claim 12/31/11. This included a refusal to consider the psychological evidence from Dr. Mastor who wrote a report in 2012 confirming that she had treated the Plaintiff for psychological problems for many years. The ALJ also refused to consider evidence of the multilevel spine surgery performed on Ms. Quevedo on 6/23/12. This was grievous, fundamental error and justified reversal and remand of the Commissioner's decision.

3

Motion to Remand focuses solely on the SSI claim. She argues that SSA should not have denied her SSI application based on spousal income and that her SSI claim should now be reopened. *See generally Docs. 22*; *26*.

**A. Plaintiff did not appeal her SSI claim, the SSI claim was not before the ALJ, and there is no final decision for this Court to review.**

Plaintiff first asserts that her SSI application should not have been denied based on her "spouse's" income when she does not have a spouse. *Doc. 22* at 9-12. Plaintiff provides a long list of places in the record, such as statements in medical records and her testimony, where she refers to Mr. Romero as her boyfriend, not her husband. *Doc. 22* at 9-12. Before the Court can consider such an argument, however, Plaintiff must show that she exhausted her administrative remedies; in the absence of that showing, this Court lacks jurisdiction to address the SSI claim.

"The sole statutory grant of district court jurisdiction to review a denial of social security benefits by the Secretary is 42 U.S.C. § 405(g)." *Bartlett v. Schweiker*, 719 F.2d 1059, 1060 (10th Cir. 1983). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action . . . ." 42 U.S.C. § 405(g). What constitutes a "final decision" is further defined by regulation. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

The administrative steps an SSI applicant must follow before seeking judicial review are set forth in 20 C.F.R. § 416.1400(a). First, the SSA issues an initial

---

*Doc. 22* at 13-14. Plaintiff fails to develop whether this argument challenges the ALJ's determination of her DIB claim or her SSI claim, but the quoted section lies within other paragraphs discussing only the SSI claim. In her Reply, Plaintiff makes clear that this argument is in reference to her SSI claim, not DIB. See *Doc 26* at 7 ("By failing to address the error that amounted in her SSI claim and not crediting the reports of her worsening conditions, Ms. Quevedo was harmed and denied SSI benefits that she is entitled to.").

4

determination. 20 C.F.R. § 416.1400(a)(1). A dissatisfied applicant can ask SSA to reconsider its decision. 20 C.F.R. § 416.1400(a)(2). If dissatisfied with the reconsidered decision, an applicant can request a hearing before an ALJ. 20 C.F.R. § 416.1400(a)(3). If yet again dissatisfied with the ALJ's decision, the applicant can then request review by the Appeals Council. 20 C.F.R. § 416.1400(a)(4). Once those four steps are completed, the Commissioner "will have made [her] final decision," and an applicant can request judicial review in a Federal District Court. 20 C.F.R. § 416.1400(a)(5); *see also* 20 C.F.R. § 416.1481; *Doyal,* 331 F.3d at 759 ("The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for the purposes of review.").

Indeed, a decision at any stage becomes binding if not timely appealed. *See* 20 C.F.R. § 416.1405 (initial decision binding unless reconsideration requested); 20 C.F.R. § 416.1409(a) (60 days to request reconsideration); *Id.* § 416.1421(a) (reconsideration binding unless appealed to ALJ); *Id.* § 416.1433(b) (60 days to request ALJ hearing); 20 C.F.R. § 416.1455 (ALJ decision binding unless Appeals Council review requested); 20 C.F.R. § 416.1468 (60 days to appeal ALJ's decision); 20 C.F.R. § 416.1481 (Appeals Council decision binding unless appealed to district court in 60 days). If the applicant fails to complete the four steps, there is no final decision for the purpose of judicial review and the applicant "may not obtain judicial review because [she] has failed to exhaust administrative remedies." *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Plaintiff contends that her good cause statement qualifies as a timely appeal of the SSI initial determination. *Doc. 22* at 2. She also contends that her good cause was

5

intended to appeal both her SSI and DIB claims, but that SSA only reconsidered her DIB claim. *Doc. 26* at 4. A review of the record, however, belies this assertion.

The SSA denied Plaintiff's SSI application on November 22, 2010 because her spouse made too much money. AR at 83-90. The denial letter's heading referenced "Supplemental Security Income" in large, bold print. AR at 83. On the other hand, SSA later denied Plaintiff's DIB claim on July 20, 2011. AR at 69-70, 91-94. That denial letter clearly referenced "Claim for: Disability Insurance Benefits" and explained that benefits had been denied because her "condition is not severe enough to keep [her] from working." AR at 91.

When Plaintiff filed a request for reconsideration on June 13, 2012 (AR at 95-96, 123), she included a statement of good cause to allow her untimely appeal. AR at 98-100. The type-written portion of the statement indicated Plaintiff was appealing the July 20, 2011 denial of disability (the DIB claim). AR at 98. The hand-written portion explained that Plaintiff's daughter had "sent out the paper work to re appeal everything." AR at 98. Plaintiff made no reference to spousal income and only provided a recent surgery as a reason for needing disability. AR at 98. The SSA granted the request, treating it as only a request for reconsideration of Plaintiff's DIB claim. AR at 212, 71. On reconsideration, SSA still denied Plaintiff's DIB claim. AR at 71-82, 101-03. Plaintiff then hired an attorney to represent her on both her SSI and DIB claims. AR at 107.

Plaintiff next requested a hearing before an ALJ, explaining, "I disagree with the determination made on my claim for disability-worker or child benefits because due to my physical and mental impairments I am unable to perform a full range of light or sedentary work." AR at 108. Plaintiff again made no reference to the denial of benefits

6

based on spousal income. AR at 108-09. Further, Plaintiff's attorney submitted a brief to the ALJ, which also contained no references to spousal income or SSI. AR at 251-53.

At the hearing before the ALJ, Plaintiff's attorney confirmed the hearing was only to address Plaintiff's DIB claim (AR at 38), and, in fact, spousal income was never discussed at the hearing. AR at 33-68. Not surprisingly, the ALJ's unfavorable decision addressed only Plaintiff's DIB claim. AR at 15. Plaintiff's request for Appeals Council review recited only that "[t]he ALJ ignored substantial evidence." AR at 11. Plaintiff's brief to the Appeals Council discussed only the ALJ's decision on Plaintiff's DIB claim and made no arguments regarding inclusion of spousal income. AR at 256-60. The Complaint filed here (following the Appeals Council's denial of review) challenges only Plaintiff's DIB claims and makes no mention of SSI or spousal income. AR at 4; *Doc. 1*.

It is therefore evident that Plaintiff did not appeal the initial determination of her SSI application, making the initial determination binding. *See* 20 C.F.R § 416.1405. Other than ambiguous language in her good cause statement that her daughter "sent the paper work to re appeal everything," the rest of the statement identifies only her disability benefits claim. AR at 98. When SSA treated this good cause statement as an appeal of DIB only, Plaintiff made no objections. Further, at no step in the DIB appeal did Plaintiff make any mention specific to her SSI claim or spousal income.

Because Plaintiff did not appeal the initial determination, she failed to exhaust her administrative remedies according to 20 C.F.R. § 416.1400(a), and there is no Section 405(g) final decision. This Court, therefore, lacks jurisdiction to review whether the SSI application was properly denied based on spousal income. *See Sims,* 530 U.S. at 107.

Plaintiff also contends that the ALJ should have known there was some mistake since an SSI claim was not before him and that he failed to fully develop the record to examine the SSI claim. *Doc 22* at 12. Plaintiff cites *Hawkins v. Charter* for the proposition that the ALJ has a duty to "fully and fairly develop the record as to material issues." 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted).[4] However, as discussed above, the SSI claim was not before the ALJ because Plaintiff never appealed the initial determination. Moreover, neither Plaintiff nor her attorney made any mention of SSI or spousal income to the ALJ. Simply put, although an ALJ does have a duty to develop all material issues raised before him, the SSI claim was not such an issue before ALJ Upshall.

**B. Plaintiff has not requested that the SSA reopen her SSI claim.**

Plaintiff also argues, without providing a citation, that SSA has a duty to reopen her SSI application. *Doc. 26* at 5-6. However, Plaintiff misstates SSA's duty. Agency decisions that have not been timely appealed and are therefore binding may be reopened in some circumstances. 20 C.F.R § 416.1487. SSA "may reopen a final determination or decision on [its] own, or [an applicant] may ask that a final determination or a decision to which [the applicant was] a party be reopened." 20 C.F.R. § 416.1487(b).

SSA can reopen a decision in three circumstances. First, "[w]ithin 12 months of the date of the notice of initial determination for any reason[.]" *Id.* § 416.1488(a). Second, "[w]ithin two years of the date of the notice of the initial determination if we find

---

[4] Plaintiff further cites *Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996) to explain that the ALJ's duty to develop the record is especially strong when the applicant is unrepresented before the ALJ. While Plaintiff may have been unrepresented initially, by the time she appeared in front of the ALJ, she had hired an current attorney. AR at 105, 33.

good cause, as defined in § 416.1489, to reopen the case[.]" *Id.* § 416.1488(b). And third, "[a]t any time if [the determination] was obtained by fraud or similar fault[,]" considering "any physical, mental, educational, or linguistic limitations . . ." the applicant may have. 20 C.F.R. § 416.1488(c). Additionally, SSR 91-5p provides that

> [w]hen a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court . . . SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

SSR 91-5p, 1991 WL 208067, at *2 (July 1, 1991).

Contrary to Plaintiff's assertion, SSA *may*, on its own initiative, reopen a case under both 20 C.F.R. § 416.1487 and SSR 91-5p, but it is not required to do so. Section 416.1487 is not a command that SSA review all closed applications.

Plaintiff also argues that good cause exists under 20 C.F.R. § 416.1488(b) to reopen the SSI claim, because SSA based its denial on the false information that Plaintiff was married. *Doc. 26* at 6. Plaintiff also argues that under 20 C.F.R. § 416.1488(c), SSA committed fraud or other similar fault by only appealing Plaintiff's DIB claim when her request for reconsideration and good cause statement were intended to appeal both the DIB and SSI claims. *Doc. 26* at 4. While those arguments may or may not be compelling, Plaintiff brings her argument to the wrong forum. The Agency's rules and regulations provide an avenue for SSA, not the courts, to reopen claims. 20 C.F.R. §§ 416.1487, 416.1488, and SSR 91-5p; *see Dawson v. Astrue*, No. CIV-10-338-JHP-SPS, 2012 WL 5932055, at *4 (E.D. Okla. Sept. 27, 2012), *R.&R.*

9

*adopted*, No. 10-CV-338-JHP-SPS, 2012 WL 5941589 (E.D. Okla. Nov. 27, 2012) ("[T]he decision to reopen a claim is a matter to be determine in the first instance administratively.").

### C. Because Plaintiff has not requested the SSA reopen her claim, there is no SSA decision for this Court to review.

Finally, Plaintiff argues that this Court has jurisdiction to review the SSI denial as a violation of due process since Plaintiff has limited mental capacity to understand the administrative process. *Doc. 26* at 12. As discussed above, generally district courts only have jurisdiction to review a final decision of the Commissioner made after a hearing. *See* 42 U.S.C. § 405(g). However, courts may have jurisdiction to review SSA's discretionary decision not to reopen a case if the plaintiff presents a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 109 (1997); *Blair v. Apfel*, 229 F.3d 1294, 1295 (10th Cir. 2000).

While Plaintiff asserts she has a colorable constitutional claim to have her SSI claim reopened, she fails to allege that she has actually asked SSA to reopen that claim. Because there is no reopening decision from SSA, there is nothing for this Court to review. The cases to which Plaintiff cites both deal with exactly that: jurisdiction of the district court to review the Secretary's refusal to reopen a case. *See Culberston v. Sec'y of Health & Human Servs.*, 859 F.2d 319, 322 (4th Cir. 1988) ("Appellate jurisdiction is invoked only when the Secretary's refusal to reopen raises a question of constitutional significance."); *Triggs v. Charter*, 927 F. Supp. 1394, 1395-96 (D. Colo. 1996). Only if SSA refuses an actual request by Plaintiff to reopen her SSI claim will there be a final decision for district court review of a colorable constitutional claim.

### III. Conclusion

This Court lacks jurisdiction to review the SSI application that Plaintiff never appealed to final decision and that Plaintiff never requested SSA to reopen.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand (*Doc. 21*) be **denied**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE